# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DONALD D. WELCH**
**United States Army, Appellant**

ARMY 20111023

Joint Readiness Training Center and Fort Polk
Patricia Lewis, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA.

For Appellee:  Lieutenant Colonel Amber J. Roach, JA.

31 October 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of conspiracy to obstruct justice, failure to obey a lawful general order, wrongful use of heroin, wrongful distribution of heroin, wrongful possession of heroin, unlawful entry, and obstruction of justice in violation of Articles 81, 92, 112a, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. § 881, 892, 912a, 930, and 934 [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority (CA) approved only so much of the adjudged sentence as provides for a bad-conduct discharge, confinement for forty-two months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The CA credited appellant with 142 days of confinement against the sentence to confinement.  The CA deferred adjudged forfeitures of $404.00 pay per month, effective 10 November 2011, and waived automatic forfeiture of $404.00 pay per month, effective 10 November 2011 until 10 May 2012.  This case is before us for review pursuant to Article 66, UCMJ.

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are affirmed and, except for that part of the sentence that includes forfeiture of all pay and allowances, the court affirms the sentence.* All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

* The CA approved appellant's request for deferment of adjudged forfeitures of $404.00 pay per month until action and waiver of automatic forfeitures of $404.00 pay per month for a period of six months. The waiver of automatic forfeitures for the benefit of appellant's dependents was stated in the CA's action. However, the action also approved the adjudged forfeiture of all pay and allowances, thus leaving no pay and allowances to waive for the benefit of appellant's dependents. In order to effectuate the clear intent of the CA, we set aside that portion of the sentence that includes total forfeiture of pay and allowances.